Edward S. Conway, J.
This is an article 78 CPLR and CPLR 1005 proceeding seeking a judgment declaring null and void and in violation of the United States and New York State Constitutions, subdivision 4 of section 131 of the Social Services Law and 18 NYCRR 385.6, 385.7 (hereinafter referred to as Work Rules), insofar as they authorize the total disqualification of a person in need of public assistance from receipt of such assistance for any period of time, who respondents determine has refused to comply with the Work Rules, as was done to petitioner Barie.
Donna Barie is 23 years old and resides in Albany, New York, and since February, 1973 has been a recipient of public assistance in the home relief category from the Albany County Department *816 of Social Services (hereinafter referred to as County Agency). Her only source of income has been her semimonthly public assistance check in the sum of $85.
On July 3,1973 petitioner received a notice dated July 2, 1973 advising her that her case would be closed due to her refusal of a job referral on June 22,1973. She maintains that she had good cause to refuse the referral because she was ill and had a doctor’s appointment. On July 13, 1973, she requested a fair hearing before a representative of respondent Lavine, which hearing was held on August 14,1973 and a decision was rendered on September 14,1973 affirming the determination of the County Agency. Her aid was continued pending the decision of respondent Lavine and she received her last public assistance check on or about September 20, 1973 and was advised that she would be ineligible for further assistance until November 1, 1973.
On October 4, 1973, petitioner reapplied for public assistance and emergency assistance at the County Agency and advised the employees of the agency that she had no money and no source of money to meet her essential needs, including her October rent and food to feed herself. She further advised the agency that she remained ready, willing and able to comply with the New York Work Rules. The County Agency, while admitting an emergency existed, refused to render any assistance that would sustain petitioner in her home with sufficient food until November 1, 1973.
It is the contention of the petitioner that the respondents, in applying the New York Work Rules, discriminate between that class of persons who respondents determine have complied with the requirements of the Work Rules and that class, including petitioner, who respondents determine have not complied and thereby deprive the latter class of their only means of subsistence for at least 30 days. Petitioner further contends that there is no compelling governmental justification to discriminate in this matter with the attendant deprivation which ensues to those deemed ineligible for public assistance.
Petitioner further contends that she and a large class of recipients of public assistance in New York State have been and will be deprived of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution and section 11 of article I of the New York State Constitution by being totally disqualified from receiving public assistance for at least 30 days exclusively as the result of the application by respondents of the Work Rules in violation of the equal *817 protection clauses of said Constitutions and who have a common interest with petitioner in determining the lawfulness of such disqualification.
Petitioner further contends that said disqualification constitutes the infliction of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and section 5 of article I of the New York State Constitution.
Petitioner further contends that the Work Rules on their face and as applied to petitioner violate section 1 of article XVII of the State Constitution in that they limit the clear constitutional duty of the State to provide for the needy in that petitioner, a needy person, has been totally disqualified from receipt of public assistance pursuant to the Work Rules.
Petitioner further contends that there is a large class of recipients of public assistance in New York State who have been or will be totally disqualified from public assistance for at least 30 days exclusively as the result of the application by respondents of the said Work Rules in violation of section 1 of article XVII of the State Constitution, which provides: “ The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.”
Petitioner further contends that even if subdivision 4 of section 131 of the Social Services Law lawfully authorized respondents to disqualify a needy person from receipt of public assistance for failure to comply with the Work Rules, it does not authorize disqualification for a minimum of 30 days as is prescribed by the regulation of respondent Lavine, 18 NYCRR 385.7 (a) which was relied upon by respondent Lavine to justify petitioner’s disqualification.
Petitioner further contends the emergency assistance was illegally denied in violation of subdivision 1 of section 131 of the Social Services Law.
This court is of the opinion that the determination of the commissioner, insofar as it is a determination of a factual situation, is far from being arbitrary or capricious and therefore this court will not and could not substitute its judgment for that of the commissioner.
Therefore, the only question for this court to determine is whether or not a person in need can be deprived of all public assistance for 30 days for a failure to comply with the Work Rules of the State of New York.
*818 It is the contention of the respondents that the State law and regulation which disqualifies from public assistance benefits for a period of 30 days those persons who fail to comply with the New York Work Rules does not necessarily deprive them of their only means of subsistence, since persons subject to the Work Rules are presumptively employable and capable of earning their own support. Respondents further contend that subdivision 4 of section 131 of the Social Services Law provides for the disqualification from public assistance of persons who fail to comply with the Work Rules and that the regulation providing for a 30-day suspension of benefits is within the terms of the general disqualification by statute and is within the commissioner’s regulatory powers. Respondents further contend that the 30-day suspension of benefits is a reasonable penalty necessary to insure compliance with the Work Rules.
This court cannot agree with the contentions of the respondents and is of the opinion that the 30-day suspension is an abuse of the commissioner’s regulatory powers and constitutes punishment that is cruel and inhuman. It can be likened to a punishment for breach of a prison rule to so many days on “ short rations ” but it is worse than that, for a prisoner on “ short rations ” must be seen every day by a competent medical person to determine if there is any serious physical harm being rendered to the prisoner and, if so, it must be terminated. There are no safeguards to protect persons who receive a 30-day suspension under the Work Rules.
This court must agree with the petitioner that the suspension . should be limited to the period during which the recipient of social service benefits refuses to comply with the Work Rules but not for any specified period of time as a punishment, penalty or sentence. In our society there should be no punishment to a period of hunger. Traditionally in our society even when a murderer was to be hung or electrocuted in the morning, he was well fed the night before.
This court is mindful of the difficulty of fashioning a means of enforcing rules against persons who are without the means to respond to a financial penalty, but is of the opinion that jail would be more merciful for the person would at least be fed a subsistence diet. Jail is not to be suggested, but it is being pointed out as being more humane than hunger.
It is the further opinion of this court that the 30-day suspension of benefits is illegal and contrary to law and that petitioner is entitled to a judgment declaring said provision to be null and void.